Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Banco Popular de Puerto Rico<br><br>      Recurrido<br><br>      vs.<br><br>Jacqueline Rodríguez Hernández<br><br>      Peticionaria | TA2025CE00191 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>PO2024CV00263<br><br>Sobre:<br>Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de septiembre de 2025.

Comparece la señora Jacqueline Rodríguez Hernández (Sra. Rodríguez Hernández o peticionaria), y nos solicita la revocación de la Resolución emitida el 13 de mayo de 2025[1], por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró No Ha Lugar la solicitud de desestimación presentada por la peticionaria.

Examinada la totalidad del expediente a la luz del derecho aplicable, expedimos el auto de *Certiorari* a los fines de confirmar el dictamen recurrido por los fundamentos que expondremos a continuación.

**I.**

El 31 de enero de 2024, el Banco Popular de Puerto Rico (Banco Popular o parte recurrida) instó una Demanda en cobro de dinero contra la Sra. Rodríguez Hernández.  En síntesis, requirió

---

[1] Notificada en igual fecha.

que la peticionaria emitiera a su favor $10,806.72 en concepto de una suma adeudada por el impago de su tarjeta de crédito, más la concesión de $1,000.00 por razón de costas y honorarios de abogado.

Tras la presentación de su acción legal, el 2 de febrero de 2024, el foro primario expidió el proyecto de emplazamiento para diligenciarse a la Sra. Rodríguez Hernández. No obstante, el 13 de mayo de 2024, la parte recurrida presentó una Moción Solicitando Emplazamiento por Edicto, a la cual adjuntó una Declaración Jurada con el siguiente contenido:

> *Yo Micky Vélez Ortiz, mayor de edad, casado, emplazador y vecino de Sabana Grande, Puerto Rico, bajo el más formal juramento, declaro:*
>
> *1. Que soy las circunstancias personales antes mencionadas, se leer y escribir; que no soy abogado del demandante en el caso de epígrafe, no tengo parte en este pleito y que no tengo interés en el mismo.*
>
> *2. El 30 Marzo del 2024 visitó la dirección provista en el emplazamiento. Urb. Estancias del golf club 322 calle Juan h. Cintron, Ponce P.R. 00730 y/o camino del sur, 359calle Pelicano, Ponce, P.R. 00716. Tan pronto llegó a las urbanizaciones noto que son de acceso controlado y undo el boton del guardia en las estancias del golf club me atiende el guardia Mejias a las 2:02pm me indica que la demandada no se encuentra, le preguntó que si me podria mas informacion y me indica que por politicas de la compañía de seguridad no podia darme mas informacion y no me dejo entrar la urbanización. Visitó camino del sur la cual es de acceso controlado y me atiende el guardia Encarnación a las 2:17pm me indica que la demandada no se encuentra le pregunte más información, pero no me quiso decir mas nada de la demandada, pregunte en un negocio de bebidas más adelante me atiende el Sr. Rodrígiez y no conoce a la demandada.*
>
> *3. El 6 de abril de 2024. Visitó las direcciónes provistas en el emplazamiento provistas en el emplazamiento visitó la Urb. Estancias del golf club 322 calle Juan h. Cintron, Ponce P.R. 00730 y/o camino del sur, 359 calle Pelicano, Ponce, P.R. 00716. En Las Urbanizacion estancias del golf club me atiende el guardia Toledo y me indica que en la casa ya no vive la demandada, que la demandada se mudo hace 2 años y le pregunto si está viviendo otra persona, me dice que no podía darme información. Visitó la urb. camino del sur, y me atiende el guardia Félix j. Burgos Gonzalez y me dice que hace 2 años la demandada no vive en la dirección provista y que en la casa de camino del sur calle pelícano vive la*

*Sra. Ana M. Reyes y Carlos orama que son los nuevos inquilinos de la casa.*

*4. El 2 de Mayo del 2024, Visitó las direcciónes provistas en el emplazamiento. Visitó la Urb. Estancias del golf club 322 calle Juan h. Cintron, Ponce P.R. 00730 y/o camino del sur, 359 calle Pelicano, Ponce, P.R. 00716. Visitó estancias del golf club y me atiende la guardia Santiago y me indica que la demandada no contesta y que ya no vive en la urbanización hace un tiempo y el celular no lo contesta visitó camino del aver si consigo mas informacion y me atiende el guardia Rivera y me dice que la demandada no vive hace 2 anos y que ya en la casa viven otras personas.*

*5. Empecé a investigar en los siguientes lugares para ver si recaudaba más información del demandado.*

*A) En la Policía Estatal de Ponce entrevisté al Agente Flores el cual me informó que no conoce al demandado.*

*B) En el Correo Postal de Ponce entrevisté al Sr. Mora el cual me indica que no conoce al demandado.*

*C) Realicé una búsqueda en las redes sociales en Facebook y mis investigaciones fueron infructuosas porque no encontré nada.*

*6. Que hago la presente Declaración Jurada para hacer constar bajo juramento las gestiones realizadas para conseguir al demandado.*[2]

Evaluada dicha solicitud, el 14 de mayo de 2024, el foro primario emitió una Orden[3], en la que declaró Ha Lugar la solicitud para diligenciar el emplazamiento por edicto.

Así las cosas, el 22 de julio de 2024, la peticionaria, por conducto de su representante legal, sin someterse a la jurisdicción, presentó una Moción para Asumir Representación Legal y Solicitud de Prórroga.  En esta solicitud, requirió el término de 30 días para presentar su alegación responsiva.  En respuesta, al día siguiente, el TPI dictó una Orden, en la que dispuso "[e]nterado"[4], y, a su vez, autorizó la competencia de la representación legal anunciada.

Transcurrido cierto tiempo, el 22 de enero de 2025, el Banco Popular presentó una Moción Informativa para notificar que ambas partes se encontraban en comunicación para auscultar la

---

[2] Entrada número tres (3) del Sistema Unificado de Manejo de Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), Anejo I, a la pág. 1.
[3] Notificada el 15 de mayo de 2025.
[4] Entrada número diez (10) del SUMAC TPI.

posibilidad de concretar un acuerdo de pago que daría fin al litigio. En efecto, el 24 de enero de 2025, el tribunal recurrido tomó conocimiento de lo indicado, y ordenó que en el término de 10 días las partes informaran si alcanzaron algún acuerdo.

Con posterioridad, el **22 de abril de 2025**, el Banco Popular interpuso una Moción Solicitando Anotación de Rebeldía y Sentencia por las Alegaciones, acompañada de una declaración jurada y un proyecto de sentencia. En esencia, alegó que la Sra. Rodríguez Hernández no presentó un escrito de alegaciones responsivas. Por tal motivo, solicitó que se acogiera el proyecto de sentencia sometido, y en efecto, se impusiera la anotación de rebeldía contra esta, y se dictara sentencia a su favor.

**En igual fecha**, conforme a lo solicitado, el foro primario emitió una Resolución, notificada el **24 de abril de 2025**, en la que procedió a anotar la rebeldía de conformidad con la Regla 45.1 de Procedimiento Civil, *infra.*

Admitidas las alegaciones contenidas en la Demanda, **ese día**, el TPI dictó la Sentencia en rebeldía, **notificada el 24 de abril de 2025**, en la cual declaró Ha Lugar la acción legal en cobro de dinero instada por el Banco Popular. A su vez, subrayó que la parte recurrida emplazó por edicto correctamente a la Sra. Hernández Rivera, sin embargo, esta no presentó alegaciones responsivas.

Aún sin notificar el dictamen en rebeldía, el 23 de abril de abril de 2025, la peticionaria presentó una Solicitud de Desestimación por Falta de Jurisdicción sobre la Persona. En lo pertinente, argumentó, sin someterse a la jurisdicción, que no debió autorizarse el emplazamiento por edicto, pues la parte recurrida no acreditó que se efectuaron las diligencias correspondientes para localizarla. Agregó que, esta tampoco evidenció haber cumplido con los requisitos procesales de

publicación y notificación del emplazamiento por edicto. Por consiguiente, peticionó la desestimación de la acción legal incoada en su contra por ausencia de jurisdicción sobre su persona.

En oposición, el 12 de mayo de 2025, el Banco Popular presentó una Réplica a Solicitud de Desestimación por Falta de Jurisdicción sobre la Persona. Precisó que el 22 de julio de 2024, la peticionaria informó que sometería su contestación a la demanda o alegación responsiva, sin embargo, nunca presentó las alegaciones a esos efectos. Por tales hechos, dedujo que esta se sometió a la jurisdicción. Recalcó, además, que optó por emplazar a la Sra. Rodríguez Hernández mediante la publicación de edicto, tras realizar múltiples gestiones para localizarla.[5]

Luego de evaluar tales argumentos, el 13 de mayo de 2025, el foro *a quo* dictó una Resolución, notificada ese día, en la que declaró No Ha Lugar la solicitud de desestimación por falta de jurisdicción. En este dictamen, emitió el siguiente pronunciamiento:

> *Tras las diligencias pertinentes y [sic] se demostró mediante declaración jurada que, pese a "esfuerzos razonables" por encontrar una dirección física de la demandada, no fue posible conseguirla; la regla de Procedimiento Civil vigente exige que el emplazador presente al tribunal una declaración que acredite diligencias efectivas para localizar a la demandada y justifique la imposibilidad de emplazamiento personal, como se realizó.[6]*

Oportunamente, el 27 de mayo de 2025, la Sra. Rodríguez Hernández, sin someterse a la jurisdicción, presentó una Moción en Solicitud de Reconsideración y en Relevo de Sentencia en Rebeldía. En esta, reiteró que el Banco Popular no agotó los mecanismos para diligenciar el emplazamiento a su persona. Respecto a la anotación de rebeldía, sostuvo que no incurrió en dilación procesal. Por ello, consideró que no debió imponérsele tal

---

[5] En cuanto a la posibilidad de conceder un plan de pago a favor de la peticionaria, como anteriormente consideró, el Banco Popular aseveró que las partes no lograron alcanzar un acuerdo.
[6] Entrada número veintidós (22) del SUMAC TPI.

anotación. Detalló que mantuvo comunicación continua con la parte recurrida, quien le invitó a participar extrajudicialmente de una serie de negociaciones. No obstante, indicó que dicha entidad utilizó tales gestiones para dilatar el proceso judicial y solicitar la Sentencia en rebeldía.

En contraposición, el 25 de junio de 2025, el Banco Popular sometió una Réplica a Solicitud de Reconsideración y en Relevo de Sentencia en Rebeldía. De entrada, argumentó que la parte peticionaria se sometió a la jurisdicción, toda vez que su representante legal solicitó la autorización judicial para comparecer como abogado de esta. Respecto al emplazamiento, aseguró que en múltiples ocasiones intentó notificar personalmente a la Sra. Rodríguez Hernández, pero sus numerosas gestiones resultaron infructuosas. Por tanto, sostuvo que el tribunal actuó correctamente al permitir el emplazamiento por edicto, y dictar sentencia a su favor.

Examinados sus respectivos argumentos, el 26 de junio de 2025, el foro primario emitió Resolución, notificada en igual fecha, en la cual declaró No Ha Lugar la solicitud de reconsideración y relevo de sentencia presentada por la parte peticionaria.

Inconforme, el 24 de julio de 2025, la Sra. Rodríguez Hernández recurrió ante nos mediante una Petición de *Certiorari,* en la cual presentó los siguientes señalamientos de error:

> *Erró el Honorable TPI al concluir que las gestiones realizadas por emplazador y los hechos narrados en la Declaración Jurada son específicos, exactos y correctos para autorizar el Emplazamiento por Edicto conforme a la Regla 4.6 de las de Procedimiento Civil y la jurisprudencia aplicable.*
>
> *Erró el TPI al denegar la solicitud para que se deje sin efecto la Anotación de Rebeldía al amparo de la Regla 45.3 de las de Procedimiento Civil.*

El 15 de agosto de 2025, este Tribunal emitió una Resolución en la cual concedió a la parte recurrida hasta el 28 de

junio de 2025 para presentar su alegato en oposición. Tras la concesión de una prórroga solicitada por el Banco Popular, el 10 de septiembre de 2025, dicha parte radicó su escrito en oposición intitulado Certiorari Civil.

Con el beneficio de la comparecencia de ambas partes, procedemos a discutir el derecho que rige a la controversia ante nuestra consideración.

## II.

## A.

El auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

A los fines de orientar nuestra discreción, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a las págs. 62-63, 215 DPR __ (2025), delimita los siguientes criterios para evaluar si procede la expedición del auto solicitado:

> A. *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> B. *Si la situación de hechos planteada es la más indicada para analizar el problema.*
>
> C. *Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*

D. *Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*

E. *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

F. *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

G. *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders v. BBVAPR, supra,* a la pág. 338; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011). Al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 849 (2023); *Mun. Caguas v. JRO Construction,* 201 DPR 703, 712-713 (2019). Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del foro primario, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013).

**B.**

De conformidad con la cláusula constitucional del debido proceso de ley, un tribunal actuará sobre la parte demandada cuando haya adquirido jurisdicción sobre su persona. *SLG Rivera-Pérez v. SLG Díaz-Doe,* 207 DPR 636, 646 (2021); *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018). A esos efectos, el emplazamiento es el mecanismo procesal que permite adquirir

jurisdicción sobre la persona para que quede obligada a la sentencia final que se dicte. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). En virtud de este proceso, "se satisfacen las exigencias del debido proceso de ley, que requiere que se notifique al demandado toda reclamación en su contra para que tenga la oportunidad de comparecer a juicio, ser oído y presentar prueba a su favor". *Global v. Salaam*, 164 DPR 474, 480 (2005); *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 913 (1998).

En aras de garantizar la notificación adecuada, las Reglas de Procedimiento Civil de Puerto Rico establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edictos. *Sánchez Ruiz v. Higuera Pérez et al.* 203 DPR 982, 987 (2020); *Rivera v. Jaume*, 157 DPR 562, 575 (2002). Por excepción y en circunstancias específicas, nuestro esquema procesal permite la utilización del mecanismo del emplazamiento por edicto. *Caribbean Orthopedics v. Medshape, et al.*, *supra*, a la pág. 1005. En lo pertinente a este recurso, el inciso (a) de la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a), preceptúa el trámite para diligenciar el emplazamiento por edicto:

> *(a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico.* (Citas omitidas).

A su vez, el inciso (b)(10) de la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V. R. 4.6(b)(10), dispone que en el edicto se indicará el término correspondiente[7] que tiene la parte demandada para contestar la Demanda, y de no hacerlo, se apercibirá que estará sujeta a la anotación de rebeldía en su contra.

Nótese que, el emplazamiento por edicto está estructurado en cuatro situaciones específicas, a saber: (1) cuando la persona a ser emplazada se haya fuera de Puerto Rico; (2) aunque se encuentre en Puerto Rico, no puede ser localizada; (3) estando en Puerto Rico, se oculta para no ser emplazada, o (4) cuando se trata de una corporación extranjera sin agente residente. *Rivera v. Jaume, supra*, a la pág. 576.

De mediar alguno de estos escenarios, la parte demandante acreditará mediante declaración jurada las diligencias razonables efectuadas para emplazar personalmente a la parte demandada:

> *[L]o fundamental para que se autorice el emplazamiento mediante edictos es que en la declaración jurada que acompañe la solicitud correspondiente se aduzcan hechos específicos que demuestren, en las circunstancias particulares del caso en que surja la cuestión, que el demandante ha realizado gestiones potencialmente efectivas para tratar de localizar al demandado y emplazarlo personalmente, y que a pesar de ello ha sido imposible encontrarlo. Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo. Global v. Salaam, supra, a la págs. 483-484; Lanzó Llanos v. Banco de la Vivienda, 133 DPR 507, 514 (1993).*

Para cumplir con tales exigencias, deberá brindar una acreditación detallada, según se explica a continuación:

> *Al exponer que el demandado se encuentra fuera de Puerto Rico o que se oculta, es necesario explicar detalladamente de dónde surge el conocimiento del demandante sobre los hechos y hay que expresar con*

---

[7] La Regla 10.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 10.1, prescribe que una parte demandada que se encuentre en o fuera de Puerto Rico deberá notificar su contestación dentro de treinta (30) días de habérsele entregado copia del emplazamiento y de la demanda o de haberse publicado el edicto, si el emplazamiento se hizo conforme a lo dispuesto en la Regla 4.6 del texto reglamentario precitado.

*exactitud todas las gestiones que se hayan realizado para localizar al demandado. Es decir, no se pueden alegar conclusiones; hay que presentar los hechos que llevan a esas conclusiones.* Sánchez Ruiz v. Higuera Pérez et al., supra, a las págs. 989-990 (citando a R. Hernández Colón, <u>Derecho procesal civil</u>, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, págs. 269-270).

Acreditadas tales gestiones, la parte demandante publicará el edicto de emplazamiento en un periódico de circulación general. Regla 4.6(a) de Procedimiento Civil, *supra*. Dentro de los 10 días después de su publicación, entregará a la parte demandada la copia de la demanda y del emplazamiento mediante correo certificado con acuse de recibo a su última dirección física o postal conocida. Íd.

En virtud de este trámite, dicha parte será debidamente notificada sobre la existencia de una reclamación incoada en su contra. *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019); *Rivera v. Jaume, supra,* a la pág. 575. No obstante, cuando la parte demandante no diligencie correctamente el emplazamiento, el foro primario estará privado a ejercer su jurisdicción. Ante tales circunstancias, procede la desestimación de la acción legal, toda vez que la falta de un correcto emplazamiento produce la nulidad de sentencia. *SLG Rivera-Pérez v. SLG Díaz-Doe, supra,* a la pág. 647; *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458, 468-489 (2017).

### C.

Como es sabido, el propósito de la anotación de rebeldía es disuadir a aquellos que recurren a la dilación de los procedimientos como una estrategia de litigación. *González Pagán et al. v. SLG Moret Brunnet,* 202 DPR 1062, 1069 (2019); *Rivera Figueroa v. Joe's European Shop, supra,* pág. 587. A esos efectos, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, permite anotar rebeldía cuando una parte contra la cual se solicite una sentencia haya dejado de presentar alegaciones o no se haya

defendido.  Es decir, "cuando una parte no contesta la demanda o no se defiende como las leyes y las reglas estipulan, el tribunal podrá anotarle la rebeldía por iniciativa propia o por solicitud de parte".  *González Pagán et al. v. SLG Moret Brunnet, supra*, a la pág. 1068; *Bco. Popular v. Andino Solís*, 192 DPR 172, 179 (2015).

En ese sentido, "[l]a rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal".  *Rivera Figueroa v. Joe's European Shop, supra*, a la pág. 587.  Anotada la rebeldía, se dan por admitidas todas las alegaciones sobre hechos correctamente alegados y la causa de acción podrá continuar dilucidándose sin que el demandado participe.  *González Pagán et al. v. SLG Moret Brunnet, supra*, a la pág. 1069; *Rivera Figueroa v. Joe's European Shop, supra*, a la pág. 590.

No obstante, es menester explicar que, la anotación de rebeldía debe transcurrir dentro de un marco justo, pues, de lo contrario, equivaldría un abuso de discreción.  *Rivera Figueroa v. Joe's European Shop, supra*, pág. 590.  Por ello, la parte demandada puede invocar la Regla 45.1 de Procedimiento Civil, *supra*, para argumentar que la anotación obedeció a un error, según discutido por el foro supremo estatal:

> *[S]i un codemandado a quien se le anota la rebeldía por alegadamente no haber contestado en el término, puede probar que sí había contestado y que la anotación de la rebeldía en su contra obedeció a una confusión por parte del Secretario o la Secretaria ante los múltiples codemandados en el expediente, su remedio es, de igual manera, solicitar que se levante la rebeldía por error en la implementación de la Regla 45.1 de Procedimiento Civil, supra. Esto es, la parte no dejó de presentar alegaciones o de defenderse, sino que la anotación obedeció a un error del tribunal.* Íd., a las págs. 592-593.

Si la anotación no responde a un error, la parte puede solicitar su levantamiento al amparo de la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, por causa justificada,

y se podrá dejar sin efecto de acuerdo con la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49. Así pues, esta última permite el levantamiento de una anotación de rebeldía siempre y cuando medien las siguientes circunstancias:

> *(a) Error, inadvertencia, sorpresa o negligencia excusable;*
>
> *(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*
>
> *(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;*
>
> *(d) nulidad de la sentencia;*
>
> *(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o*
>
> *(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia*

La regla que antecede provee un justo balance entre dos intereses conflictivos en nuestro ordenamiento jurídico. Por una parte, aspira a "que todo caso se resuelva justamente, mientras que por otro lado se encuentra el interés de que los litigios concluyan". *HRS Erase v. CMT*, 205 DPR 689, 698 (2020) (citando a *García Colón et al. v. Sucn. González*, 178 DPR 527, 540 (2010). Ahora bien, este mecanismo no constituye una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración. *García Colón et al. v. Sucn. González, supra,* a la pág. 541; *Olmeda Nazario v. Sueiro Jiménez*, 123 DPR 294, 303 (1989). Por consiguiente, este remedio no está disponible para corregir errores de derecho, errores de apreciación o valoración de la prueba que debieron presentarse a través de un recurso de revisión apelativa o reconsideración. *Peña Lacern v. Martínez*

*Hernández et al.*, 210 DPR 425, 439 (2022); *García Colón et al. v. Sucn. González, supra,* a las págs. 542-543.

**III.**

De entrada, establecemos que, de conformidad con los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* este foro apelativo intermedio se encuentra en posición de expedir el auto solicitado. En virtud de la discreción que ostentamos, procedemos a resolver la controversia ante nuestra consideración.

En el caso de epígrafe, la Sra. Rodríguez Hernández nos invita a revocar la determinación impugnada, la cual denegó la solicitud de desestimación por falta de jurisdicción sobre su persona. Razona que, la parte recurrida no efectuó las gestiones específicas para diligenciar el emplazamiento a su persona. Por consiguiente, arguye que incidió el TPI al autorizar el emplazamiento por edicto. Aduce, también, que dicho foro erró al dictar Sentencia en rebeldía en su contra, pese a que considera que actuó de manera diligente en la atención del caso.

Por su parte, el Banco Popular nos peticiona sostener la Resolución cuestionada. Al respecto, argumenta que emplazó por edicto a la parte peticionaria, tras intentar localizarla a su última dirección conocida, según constató en su Declaración Jurada. Por tales hechos, asevera que el foro primario actuó correctamente al asumir su jurisdicción y anotar rebeldía contra la Sra. Rodríguez Hernández, quien no presentó su contestación a la Demanda.

Luego de examinar el recurso de presente, a la luz del derecho vigente, determinamos que el tribunal recurrido no erró al denegar la solicitud de desestimación presentada por la peticionaria. Igualmente, concluimos que tampoco incidió al denegar la petición de reconsideración y relevo de sentencia. Veamos.

Tras una lectura minuciosa de la Declaración Jurada —citada en la relación de hechos— establecemos que el Banco Popular acreditó de modo específico y correcto las continuas gestiones efectuadas por su emplazador para localizar a la peticionaria. Enfatizamos que, el emplazador en tres ocasiones visitó el lugar identificado como la última dirección de esta, sin embargo, no pudo localizarla. Luego, acudió a la Policía Estatal de Ponce, al establecimiento de correo postal, y además, investigó en las redes sociales, a los fines de emplazarla. Lo anterior denota que los múltiples esfuerzos realizados no responden a meras generalizaciones o conclusiones aducidas por la parte recurrida. Al contrario, colegimos que el foro adjudicador permitió el emplazamiento de edicto, fundamentado en información precisa que hace referencia a una serie de fechas específicas, personas debidamente identificadas y lugares visitados, según exige la Regla 4.6 de Procedimiento, *supra.*

Destacamos, además, que cumplido ese trámite, el Banco Popular acreditó mediante una segunda Declaración Jurada[8] que publicó el edicto en un periódico de circulación general, y que envió por correo certificado copia de la Demanda a la última dirección conocida de la peticionaria. A la luz de este trasfondo procesal, contemplamos que la Sra. Rodríguez Hernández fue debidamente notificada de la acción legal instada en su contra, y sin embargo, no presentó contestación a la Demanda. **Por consiguiente, concluimos que el TPI no actuó privado de jurisdicción sobre su persona al dictar los remedios pertinentes a este reclamo.**

Atendido lo anterior, nos corresponde resolver si erró el foro primario al no dejar sin efecto la Sentencia dictada en rebeldía, como solicitó la peticionaria. Concluimos que no incidió al

---

[8] Entrada número diez (14) del SUMAC TPI, Anejo I, a las págs. 1-2.

proceder así. Respecto a este asunto, puntualizamos que en la etapa en que la Sra. Rodríguez Hernández presentó la solicitud del relevo, ya la anotación de rebeldía, así como la Sentencia dictada en igual calidad, constituían determinaciones finales de naturaleza inapelable. Ante ese contexto, nos encontramos imposibilitados de reabrir la controversia adjudicada mediante la concesión de la solicitud de relevo de sentencia. Advertimos, pues, que, el derecho imperante nos impide aplicar el mecanismo contemplado en la Regla 49.2 de Procedimiento Civil, *supra*, en sustitución de los recursos de apelación o reconsideración.

En vista de ello, reiteramos que el foro primario actuó conforme a derecho al denegar la solicitud de desestimación y la petición del relevo de la Sentencia dictada en rebeldía. Concluimos que, la determinación impugnada no reviste prejuicio, parcialidad o abuso de discreción, ni exhibe error en la aplicación o la interpretación de norma procesal o sustantiva del campo jurídico. En virtud de este razonamiento, expedimos el auto de *Certiorari* solicitado a los fines de confirmar el dictamen recurrido.

**IV.**

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, expedimos el auto de *Certiorari* a los fines de confirmar la Resolución impugnada, emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones